**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| LAMINE SAKHO, | : | |
| Petitioner, | : | |
| vs. | : | CA 06-0659-WS-C |
| ALBERTO GONZALES, etc., et al.,[1] | : | |
| | : | |
| Respondents. | | |

**REPORT AND RECOMMENDATION**

On October 12, 2006, Lamine Sakho, a native and citizen of Mauritania ordered removed from the United States, petitioned this Court for habeas relief pursuant to 28 U.S.C. § 2241. This matter has been referred to the undersigned for entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(c). It is recommended that the instant petition be dismissed, without prejudice to being filed at a later date, because Sakho is no longer in the custody of the United States Immigration and Customs Enforcement ("ICE") arm of the United States Department of Homeland

---

[1] Robert Gaines is no longer the acting warden of the Perry County Correctional Center. Accordingly, pursuant to the provisions of Rule 25(d) of the Federal Rules of Civil Procedure, the new warden of the Perry County Correctional Center, David O. Streiff, is hereby substituted for Gaines as a proper respondent in this action.

Security.

**FINDINGS OF FACT**

1. Sakho is a native and citizen of Mauritania who entered the United States on or about April 19, 1994. (Doc. 1, at 4) Petitioner's April 10, 2000 application for political asylum was denied. (*Id*.) On April 19, 2005, an Immigration Judge ordered Sakho removed from the United States. (*Id*.) Petitioner was taken into ICE custody on May 10, 2005. (Doc. 1, at 3) Petitioner eventually withdrew his appeal from the April 19, 2005 Order of the Immigration Judge that he be removed to Mauritania.[2] In his habeas petition filed on October 12, 2006, Sakho's sole argument was that his continued custody by ICE violated the provisions of 8 U.S.C. § 1231(a)(6) as interpreted by the Supreme Court in *Zadvydas v. Davis*, 533 U.S. 678, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001). (*See* Doc. 1, at 4-6)[3] Significantly, petitioner sought release from custody and an order enjoining ICE from any further detention of

---

[2] Sakho does not challenge his final order of removal. (*Id*. at 4 ("[P]etitioner ha[s] fully complied and cooperated with the Department of Homeland Security, Immigration and Custom Enforcement to obtain travel documents or to effectuate his removal from the United States."))

[3] In *Zadvydas*, the Supreme Court held that the post-removal-period detention statute, 8 U.S.C. § 1231, "read in light of the Constitution's demands, limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States. It does not permit indefinite detention." 533 U.S. at 689, 121 S.Ct. at 2498.

his person pending his removal from the United States. (*See id*. at 6)

2. On December 19, 2006, ICE notified Sakho that he was being released from custody pending his removal from the United States. (Doc. 9, Release Notification)

> This release does not affect your removal order and does not constitute an admission to the United States.
>
> Your release will be subject to certain written conditions that will be provided to you shortly on the Order of Supervision and Addendum to the Order of Supervision forms, and by which you must abide. **Among other conditions will be the requirement that you report to ICE monthly until you are removed.** A violation of one o[r] more of these conditions, or of any local, state or federal law may result in your being taken back into custody and any bond that you may have posted being forfeited. Your release from custody is also conditioned upon your maintaining proper behavior while sponsorship and placement efforts for you are being undertaken.
>
> Prior to your release from custody, an immigration officer may verify the sponsorship or employment offers presented during your review. Please forward any additional information regarding potential sponsoring family members or non-governmental organizations that may be willing to assist you upon release.
>
> It is particularly important that you keep ICE advised of your address at all times. ICE will continue to make efforts to obtain your travel document that will allow the United States government to carry out your removal pursuant to your order of deportation, exclusion, or removal. **In addition, you are required by law to continue to make good faith efforts to secure a travel document on your own and provide proof of your efforts to ICE.** Once a travel document is obtained, you

> will be required to surrender to ICE for removal. You will, at that time, be given an opportunity to prepare for an orderly departure.

(*Id*. (emphasis in original))

3. In taking the steps necessary for Sakho's release from custody, ICE discovered that petitioner was wanted by Fulton County, Georgia on a counterfeiting charge. (Doc. 12, Attachments) Therefore, ICE released Sakho to the custody of the Fulton County Jail on December 21, 2006. (*Id*.)

**CONCLUSIONS OF LAW**

1. "In reviewing a petition for writ of habeas corpus by a detained alien who is subject to a final order of removal, a federal district court, pursuant to the authority of 28 U.S.C. § 2241(c)(3), is to gauge whether a particular set of circumstances amounts to detention within, or beyond, a period reasonably necessary to secure removal." *He v. Gonzales*, 2006 WL 1687796, *1 (W.D. La. 2006). Where, as here, a § 2241 petitioner has been released from federal custody and thereby has garnered the relief sought in filing his habeas corpus petition the issue becomes whether there is any longer a live case or controversy or, instead, if the petition has become moot. *See id*.

2. As recognized by the Eleventh Circuit, "Article III of the Constitution limits the jurisdiction of the federal courts to the consideration of

'Cases' and 'Controversies.'" *Soliman v. United States ex rel. INS*, 296 F.3d 1237, 1242 (11th Cir. 2002) (citation omitted); *see also Al Najjar v. Ashcroft*, 273 F.3d 1330, 1335 (11th Cir. 2001) (same). Moreover, "[t]he doctrine of mootness derives directly from the case or controversy limitation because 'an action that is moot cannot be characterized as an active case or controversy.'" *Soliman*, 296 F.3d at 1242.

> As this Court has explained, "[p]ut another way, 'a case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief.'" Therefore, "[i]f events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed." In fact. "dismissal is required because mootness is jurisdictional."

*Id*. (internal citations omitted).

3. Several district courts have determined that where an alien is released from ICE custody pending removal from the United States "his petition for *habeas* relief under *Zadvydas* is moot." *He, supra*, 2006 WL 1687796, at *1; *see also Abdalla v. Ashcroft*, 2004 WL 2315089, *2 (W.D. N.Y. 2004) ("As, however, Petitioner does not dispute he was released from administrative custody on January 30, 2004, the instant Petition no longer presents a case or controversy pursuant to Article III, § 2 of the United States Constitution."), *adopted by Abdalla v. Ashcroft*, 2004 WL 2491646 (W.D.

N.Y. 2004).

4. This case is indistinguishable from *He* and *Abdalla*. Accordingly, this Court finds that Sakho's petition for writ of habeas corpus is now moot because there exists no active case or controversy. This Court can no longer order the federal respondents to release petitioner under an order of supervision, as requested in the petition, because Sakho has already been released from the custody of ICE and is now in the custody of Georgia state authorities. "Quite simply, 'there is nothing for us to remedy, even if we were disposed to do so.'" *Soliman, supra*, 296 F.3d at 1243, quoting *Spencer v. Kemna*, 523 U.S. 1, 18, 118 S.Ct. 978, 988, 140 L.Ed.2d 43 (1998). Dismissal of the instant petition is required since mootness is jurisdictional.[4]

---

[4] The Eleventh Circuit has recognized an exception to the mootness doctrine which the undersigned does not find applicable in the instant case.

> Although there is an exception to the mootness doctrine when the action being challenged by the lawsuit is capable of being repeated *and* evading review, we have held that "this exception is 'narrow,' and applies only in 'exceptional situations.'" In particular, the exception can be invoked only when "(1) there [is] a reasonable expectation or a demonstrated probability that the *same* controversy will recur involving the *same* complaining party, and (2) the challenged action is in its duration too short to be fully litigated prior to its cessation or expiration." Simply put, "[t]he remote possibility that an event might recur is not enough to overcome mootness, and even a likely recurrence is insufficient if there would be ample opportunity for review at that time."

*Soliman*, 296 F.3d at 1242-1243 (internal citations omitted; emphasis in original). There is simply nothing to suggest that Sakho will be placed back into the custody of ICE before ICE obtains a travel document allowing for petitioner's immediate removal from the United States

## CONCLUSION

The Magistrate Judge recommends that Sakho's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DISMISSED WITHOUT PREJUDICE** as moot.

The attached sheet contains important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this the 18th day of January, 2007.

s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**

and his return to his native country of Mauritania. Accordingly, the foregoing exception to the mootness doctrine is inapplicable.

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

l. ***Objection***. Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the Clerk of this court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*). The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days_after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The_objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. ***Transcript (applicable Where Proceedings Tape Recorded)***. Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

s/WILLIAM E. CASSADY
UNITED STATES MAGISTRATE JUDGE